# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0337** (Berkeley County 11-F-16 & 11-F-25)

**Cletus Stotler,**
**Defendant Below, Petitioner**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Cletus Stotler, by counsel S. Andrew Arnold, appeals the September 19, 2011, order of the Circuit Court of Berkeley County that sentenced him to a net effective sentence of not less than nine nor more than sixty years in prison for his conviction of two counts of burglary, two counts of grand larceny, two counts of conspiracy to commit burglary, and one count of arson in the third degree. The State, by counsel Pamela Games-Neely, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, petitioner and another man broke into petitioner's neighbor's home, removed thousands of dollars' worth of property, and then returned to steal more property. In October of 2010, petitioner and two other men broke into the home of a widow while she was at a funeral home for her deceased husband's viewing. Together, the men stole property valued at more than $22,000. Petitioner also destroyed the widow's deceased husband's truck, by burning it.

For the September break-in (Case No. 11-F-25), petitioner was indicted on one count of burglary, one count of grand larceny, and one count of conspiracy to commit burglary. For the October break-in (Case No. 11-F-16), petitioner was indicted on one count of burglary, one count of grand larceny, one count of conspiracy to commit burglary, and one count of arson in the third degree. For the October break-in, petitioner's co-conspirators and two other persons, Kimberly Miller and Charles Hodgson, were charged with related crimes.

On July 11, 2011, petitioner pled guilty to all charges against him. As part of his plea bargain, petitioner agreed that sentencing was to be in the circuit court's discretion. On September 19, 2011, the circuit court sentenced petitioner to the maximum possible sentence on each count as follows: As to Case No. 11-F-25, petitioner was sentenced to not less than one nor more than fifteen years in prison for burglary, not less than one nor more than ten years in prison for grand larceny, and not less than one nor more than five years in prison for conspiracy to

1

commit burglary. As to case No. 11-F-16, petitioner was sentenced to not less than one nor more than fifteen years in prison for burglary, not less than one nor more than ten years in prison for grand larceny, not less than one nor more than five years in prison for conspiracy to commit burglary, and three years in prison for arson in the third degree. Each sentence was ordered to run consecutively.

On appeal, petitioner argues that the circuit court's sentence is impermissibly harsh, disproportionate to the crimes, and an abuse of discretion. In support of his argument, petitioner cites to the sentences imposed on Kimberly Miller and Charles Hodgson in Case No. 11-F-16. Petitioner claims that the circuit court suspended Kimberly Miller's sentence of not less than one nor more than ten years in prison for one count of possession of stolen property, and instead, imposed only five years of probation. Petitioner claims that Charles Hodgson, who was charged with one count of receiving and transferring stolen property, was sentenced to only one year in jail.

Petitioner also argues that his sentence shocks the conscience because it could amount to a life sentence which is excessive for the crimes charged. Petitioner contends that he accepted responsibility for his crimes, that he has never committed a violent crime, that his childhood was filled with emotional and physical abuse, and that his drug abuse fueled his crimes. Petitioner also claims that the circuit court confirmed that he was not the mastermind of the crimes when it said "who was the mastermind, who was not, I don't know."

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

Here, petitioner does not argue that his sentence is outside the statutory limits or based on impermissible factors. Further, we do not find that petitioner's sentence is disproportionate to the crimes charged pursuant to Syllabus Point 2 of *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984):

> [d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. *If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.*

*Id.* at 246-47, 314 S.E.2d at 410 (emphasis added). As for Kimberly Miller and Charles Hodgson's sentences, their crimes, although serious, are not similarly situated in number, nature, or severity to the crimes for which petitioner was charged and convicted. Finally, petitioner has a lengthy criminal history that includes at least eight prior felony convictions and more than a

dozen misdemeanor convictions. Thus, petitioner's sentence for the additional seven felonies that are the focus of this appeal is not disproportionate.

We also do not find that petitioner's sentence shocks the conscience. Petitioner committed multiple felonies during two crime sprees. These felonies involved intrusion into his victims' homes and therefore had a significant potential for violence and danger to life.

For the foregoing reasons, we find that the circuit court did not abuse its discretion in sentencing petitioner and hereby affirm the circuit court's sentencing order.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II